UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 15-CR-102 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| TIMOTHY MASON and ) | |
| MARIANA GERZANYCH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On March 3, 2015, Timothy Mason and Mariana Gerzanych ("defendants") were charged by indictment with five counts of wire fraud in violation of 18 U.S.C. § 1343. The defendants now move to dismiss the indictment for duplicitousness and to dismiss certain claims for lack of venue. For the reasons that follow, these motions are denied.

**Background**

The indictment in this case alleges that the defendants wholly owned and operated 350Green LLC, which held itself out as an installer and operator of electric vehicle charging stations. 350Green entered into contracts with the City of Chicago, the State of Pennsylvania Department of Environmental Protection, the Association of Bay Area Governments, and the Bay Area Air Quality Management District to install and operate electric vehicle charging stations in exchange for government funding to help offset the costs of installation. The indictment alleges that the defendants submitted falsified documents to those entities in order to receive payments that had not been earned under the terms of their contracts.

The defendants are charged with five counts of wire fraud in violation of 18 U.S.C. § 1343. In order to establish a violation of section 1343, the government must show that there was a scheme

1

to defraud and that a wire communication in interstate commerce was made in furtherance of that scheme. Here, the indictment alleges that between August 2010 and September 2012, the defendants engaged in a scheme to defraud the City of Chicago, the State of Pennsylvania Department of Environmental Protection, the Association of Bay Area Governments, and the Bay Area Air Quality Management District. Each count of the indictment sets forth a single wire communication in interstate commerce furthering that scheme and involving the City of Chicago. The defendants now contend that their actions regarding each government entity constituted separate schemes and that the indictment is therefore duplicitous. They further assert that this Court lacks venue over the schemes to defraud the out-of-state victims.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(3)(B) permits a defendant to make a pretrial motion that challenges the sufficiency of an indictment. *United States v. Boender*, 691 F. Supp. 2d 833, 837 (N.D. Ill. 2010). Such a motion seeks to identify and correct a defect in the indictment, such as "joining two or more offenses in the same count (duplicity)." Fed. R. Crim. P. 12(b)(3)(B)(i). An indictment is constitutionally adequate and complies with the rules of criminal procedure when it states the elements of the offense charged, informs the defendant of the nature of the charge so that he may prepare a defense, and enables the defendant to plead an acquittal or conviction as a bar against further prosecutions for the same offense. *United States v. Vaughn,* 722 F.3d 918, 925 (7th Cir. 2013). The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. *Id.*

**Discussion**

The defendants were charged under 18 U.S.C. § 1343, which provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television

2

> communication in interstate or foreign commerce, any writings, signs,
> signals, pictures, or sounds for the purpose of executing such scheme
> or artifice, shall be fined under this title or imprisoned not more than
> 20 years, or both.

The defendants contend that it is inappropriate to treat their conduct with respect to each victim as a unified scheme under section 1343 because the victims are not alleged to be connected and because the contracts under which the alleged fraud occurred were signed at different times and had different terms and conditions. Schemes to defraud, however, are often multi-faceted, and the various means used in committing the offense may therefore be joined without duplicity. *United States v. Zeidman*, 540 F.2d 314, 318 (7th Cir. 1976). In cases of mail or wire fraud, the central question is whether a unitary scheme to defraud has been alleged. *United States v. Mastelotto*, 717 F.2d 1238, 1244 (9th Cir. 1983), *overruled on other grounds by United States v. Miller,* 471 U.S. 130, 135, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985). A unitary scheme to defraud can consist of multiple separately chargeable acts, so long as those acts share a close enough nexus that they can be fairly characterized as one scheme. *Zeidman*, 540 F.2d at 317. Because the line between multiple distinct offenses and a single continuing offense is often difficult to draw, the decision must be initially left to the discretion of the prosecution. *United States v. Berardi*, 675 F.2d 894, 898–899 (7th Cir. 1982).

Here, there is an adequate nexus between the acts that the government alleges as a unitary scheme. In each instance, the government alleges that the defendants entered into a contract with a government entity and engaged in fraudulent misrepresentations about the extent of work performed or expense incurred so as to receive unearned grant funding pursuant to that contract. This conduct occurred during the same two year time span, targeted the same class of victims, and utilized the same sort of fraudulent communications. Although the contracts were signed at different times, contained different terms, and involved different entities, those differences are not material to the overall scheme to defraud that is alleged in the indictment. *Cf. United States v. Brown*, 894 F. Supp. 1150, 1154 (N.D. Ill. 1995) (recognizing that the conduct of thirteen defendants, not all

3

of whom knew each other, to cash stolen and forged checks at twenty-two different banks over a span of two-and-one-half years constituted one scheme to defraud). Accordingly, the indictment is not duplicitous and is therefore constitutionally adequate.

This Court is not persuaded otherwise by the defendants' argument that the required unanimity instruction might result in their being found guilty of a scheme to defraud a non-Chicago victim, thus depriving this Court of venue at the close of trial. Section 1343 requires that each alleged wire transmission be "for the purpose of executing such scheme or artifice." And Chicago is, as the defendants argue, the victim of all of the individual wire transmissions alleged in the indictment. Thus, if the jury hypothetically found that a scheme to defraud existed but that Chicago was not a victim of that scheme, the government would be unable to meet their burden of showing that the wire transmissions were for the purpose of executing that scheme and the question of venue would be moot.

This Court similarly rejects the defendants' argument that the indictment raises double jeopardy concerns because the defendants might be charged in another district based on wire transmissions in those districts. While it is true that such a prosecution could potentially violate the Fifth Amendment's double jeopardy clause, that scenario is purely speculative at this point in time and therefore is not properly before this Court. *United States v. Suarez*, 617 F. App'x 537, 545 (6th Cir. 2015); *Russell v. Eaves*, 722 F. Supp. 558, 561 (E.D. Mo. 1989).

Finally, this Court is unpersuaded by the defendants' arguments, unsupported by citation to any legal authority, concerning evidentiary prejudice. The defendants' argument that a jury will be unable to treat each of the four contracts at issue as a separate and distinct document is wholly unpersuasive. And, for the reasons set forth above, the defendants conduct concerning the non-Chicago entities constitutes evidence of the criminal scheme charged and not improper propensity evidence involving unrelated conduct.

**Conclusion**

For the foregoing reasons, the defendants' motions to Dismiss the Indictment based on Duplicity [33] and to Dismiss the Indictment based on a Lack of Venue [35] are denied.

Date: May 12, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge