UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 02 2017
Judge Sharon Johnson Coleman
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA | No.: 15 CR 102 |
| v. | |
| MARIANA GERZANYCH | Judge Sharon Johnson Coleman |

## AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by its attorney, JOEL R. LEVIN, Acting United States Attorney for the Northern District of Illinois, and the defendant, MARIANA GERZANYCH, and her attorney, NISHAY SANAN, hereby agree to the following:

Defendant has been charged by indictment with wire fraud, in violation of Title 18, United States Code, Section 1343. Defendant understands that she has a right to have her guilt or innocence of the charges determined by a jury of her peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq*. By signing this agreement, defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives her right to assert that her trial did not occur within the time limits prescribed by the Speedy Trial Act.

The United States Attorney will move the district court, pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution of defendant on the indictment for 24 months for the purpose of allowing defendant to demonstrate her good conduct during this period. For the purpose of demonstrating her good conduct, defendant agrees to abide by the conditions and requirements of this Agreement set out below.

### Conditions of Pretrial Diversion

Defendant shall not violate any federal, state, or local law (excluding minor traffic and parking infractions). Defendant shall immediately contact the assigned pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer for any reason.

1

Defendant shall refrain from unlawfully using or possessing narcotic drugs or other controlled substances defined in Title 21, United States Code, Section 802, unless prescribed by a licensed medical practitioner.

Defendant shall ~~attend school or~~ work regularly at a lawful occupation or otherwise comply with the terms of the program. If defendant becomes unemployed or unable to attend school, defendant shall notify the assigned pretrial diversion supervisor at once. Defendant shall consult the assigned pretrial diversion supervisor prior to job or school changes.

Defendant shall report as directed to the assigned pretrial services supervisor, comply with his or her instructions, and keep the supervisor informed of defendant's whereabouts.

Defendant shall continue to reside in the Central District of California. Defendant may travel within the United States with permission of the Pretrial Services Office but must seek judicial approval for any foreign travel. If defendant intends to move out of this district, defendant shall inform the assigned pretrial diversion supervisor so the Pretrial Services Office and the government can determine whether it is possible and appropriate to transfer responsibility for supervision.

Defendant shall participate in, and abide by, any and all programs and examinations as directed by the assigned pretrial diversion supervisor.

Defendant shall pay a fine of $10,000 on a schedule to be determined by the Pretrial Services Office. Interest is waived on the fine. All payments are to be made to the Clerk of the Court.

Defendant shall complete 200 documented hours of community service. The specific type of community service performed must be approved by Pretrial Services.

Defendant agrees that she will fully and truthfully cooperate in any matter in which she is called upon to cooperate by a representative of the United States Attorney's Office for the Northern District of Illinois. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil or administrative proceeding.

Defendant shall not apply for, or cause to be applied for, any grant funding from any governmental entity.

Defendant shall not hold any management, executive, or other leadership role in any entity which is the recipient or administrator of grant funding from any governmental entity.

### **Admissions by Mariana Gerzanych**

By signing this Agreement, defendant admits the following facts and agrees that these admissions may be used against her in any proceeding for any purpose, including as admissions, in the event that the government subsequently determines that she has breached this Agreement and the United States resumes or institutes prosecution of the charges against defendant in the indictment, or any other charge:

Beginning in approximately June 2012, and continuing until at least September 2012, at Chicago, in the Northern District of Illinois, and elsewhere, defendant participated in a scheme to defraud and obtain money and property from the City of Chicago, State of Pennsylvania Department of Environmental Protection, the Association of Bay Area Governments, and the Bay Area Air Quality Management District by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, in violation of Title 18, United States Code, Section 1343.

More specifically, Gerzanych was a co-owner of 350Green, a company which represented itself as experienced in the installation and operation of plug-in electric vehicle charging stations. Gerzanych held the title of chief executive officer and her co-owner, Timothy Mason, held the title of president. Mason and Gerzanych agreed to divide responsibility within the company, with Mason responsible for business growth and financial management, and Gerzanych responsible for public relations, marketing, and overseeing the technical aspects of PEV charger installation.

Mason and Gerzanych, as 350Green, applied for government contracts which included grant awards to install and operate PEV charging stations. Mason created the financial information and projections which were submitted with all of 350Green's grant and contract applications. In these applications, 350Green promised to contribute between three to six times as much money as the governmental grant funds in order to complete the projects. As a result of these representations, between 2010 and 2012, 350Green was awarded contracts with the City of Chicago, the Bay Area Air Quality Management District, the Pennsylvania Department of Environmental Protection, and the Association of Bay Area Governments (collectively, the governmental agencies).

Although Gerzanych did not manage 350Green's finances, in the spring of 2012, Gerzanych knew, from statements made by Mason, that 350Green was having trouble paying its vendors and subcontractors. Mason told Gerzanych that the payment difficulties arose from various governmental agencies failing to pay 350Green in a timely manner. In the spring of 2012, subcontractors on the Chicago project stopped work. Mason directed Gerzanych to send an email to City of Chicago employees overseeing the Chicago project, in which Gerzanych told the City that 350Green was having problems with payments due to other grant programs not paying on time and to which Gerzanych attached financial statements created and provided to her by Mason. When allegations of fraud pertaining to the Chicago project were made public in the news media, Gerzanych relied on financial statements created by and provided to her by Mason in crafting public relations statements in which she assured the public that 350Green's financial situation was stable.

However, in approximately June 2012, after Gerzanych made public statements regarding 350Green's financial state, Mason disclosed to her that he had falsely billed the governmental agencies in order to draw down on grant funds that 350Green needed in order to keep operating. Mason disclosed to Gerzanych that he had created invoices and checks which falsely represented that 350Green had paid subcontractors and vendors when, in fact, those subcontractors and vendors had not been paid. Mason further disclosed to Gerzanych that, among the false invoices he submitted, were invoices purporting to show that their jointly owned company, Actium Power, had supplied DC fast chargers to 350Green. Mason also disclosed to Gerzanych and that he had directed Employee B to create checks falsely showing that 350Green had paid Actium Power. Mason disclosed to Gerzanych, and Gerzanych knew, that Actium Power did not supply the chargers to 350Green and that the original manufacturer of the chargers, Manufacturer A, had never been paid by 350Green.

After approximately June 2012, Gerzanych participated in Mason's scheme to defraud by concealing that scheme from the City of Chicago and other governmental agencies, by resubmitting fraudulent invoices provided by Mason to the governmental agencies in an attempt to obtain payment, and by making false representations as to the accuracy of the invoices submitted for payment.

For example, and in furtherance of the scheme, on or about September 11, 2012, at Mason's direction, Gerzanych sent an email, which traveled in interstate commerce, to the Pennsylvania Department of Environmental Protection ("PADEP") employee charged with overseeing 350Green's grants. In this email, Gerzanych: (1) falsely blamed a former 350Green employee for invoicing irregularities; and (2) sought payment for restated invoices, provided to her by Mason, including an invoice

purporting to be from Actium Power which she knew had not been paid and for which she knew 350Green was not entitled to payment. Gerzanych knew that the status of the invoices as paid was material to the PADEP's decision to pay 350Green and to continue to allow 350Green to participate in the contract and obtain grant funds.

### **Further Agreements Between the Parties**

If, at any point during the period of this Agreement, defendant violates any condition of this Agreement, the United States Attorney may unilaterally revoke or modify any conditions of this Pretrial Diversion Agreement and/or change the period of supervision, which shall in no case exceed twenty-four months. The United States Attorney may release defendant from supervision at any time. The United States Attorney may at any time within the period of defendant's supervision initiate prosecution for this offense should defendant violate the conditions of this Agreement. In this case the government will furnish defendant with notice specifying the conditions of the Agreement which defendant has violated. Determination of whether defendant has violated this Agreement shall be within the sole discretion of the United States Attorney.

If defendant successfully completes this diversion program and fulfills all the terms and conditions of the Agreement, the government will move the Court to dismiss the indictment against defendant.

Defendant understands that this Agreement is a public document and may be disclosed to any party.

Defendant understands that pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to approval by the Court. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound to any term of this Agreement, and no admissions in this Agreement may be used against defendant.

### **Waiver of Claims Arising From Delay**

I, MARIANA GERZANYCH, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern

District of Illinois to defer any prosecution of me for violation of wire fraud, in violation of Title 18, United States Code, Section 1343 (wire fraud) for the period of 24 months, and to induce the United States Attorney to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

Defendant acknowledges that she has read this Agreement and has carefully reviewed each provision with her attorney. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

_____  Date: 5-2-17
MARIANA GERZANYCH

_____  Date: 5/2/17
NISHAY SANAN
Attorney for Mariana Gerzanych

_____  Date: 5/2/2017
MAUREEN MERIN
Assistant U.S. Attorney